```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff**,<br><br>               **v.**<br><br>JOSE VIZCARRONDO-CASANOVA [6],<br><br>    **Defendant.** | **CRIMINAL NO.** 09-228 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On August 9, 2011, defendant Jose Vizcarrondo-Casanova ("Vizcarrondo") filed a motion for severance contingent upon the admissibility of the testimony of Romulo Bello-Negron ("Bello-Negron"). (Docket No. 638.) The Court **DENIES** defendant's request for a severance.

Defendant alleges that the testimony of Bello-Negron regarding the statements made by defendant Erick Diaz-Colon to Bello-Negron would create an "overwhelming" amount of spillover prejudice to defendant Vizcarrondo that could not be cured by limiting instructions. (Docket No. 638 at 4-7.) As defendant admits, he bears the burden of showing prejudice and the insufficiency of a curative instruction when moving for severance. Id. at 3-4. The decision of whether to sever defendants from a joint trial is "entrusted to the sagacity of the trial judge under Federal Rule of Criminal Procedure 14." United States v. Dworken, 855 F.2d 12, 28-29 (1st Cir. 1988) (citing Opper v. United States, 348 U.S. 48, 95

(1954)).  The Court finds that the risk of spillover prejudice to defendant Vizcarrondo here is too remote to warrant a severance. The statements were not made by defendant Vizcarrondo, nor was he present at the time the statements were made, nor is there any evidence that defendant Vizcarrondo was aware of or endorsed the statements.  Further, the Court will issue limiting instructions to the effect that introduction of evidence regarding statements made by defendant Diaz-Colon are "to be considered only as to him, and not to the other defendants."  Id.  (Finding that co-defendants were not victims of spillover prejudice where the judge accorded "scrupulous care" in emphasizing "that each defendant was to be accorded distinct, individualized treatment, and instructed the jury to focus on the evidence against each defendant separately.")

## CONCLUSION

For the reasons discussed above, defendant Vizcarrondo's motion for severance is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 9, 2011.

                                          s/ Francisco A. Besosa
                                          FRANCISCO A. BESOSA
                                          United States District Judge